**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

WEIRTON AREA WATER BOARD, and
CITY OF WEIRTON, WEST VIRGINIA,

        *Plaintiffs,*

v.

        **Civil Action No. 5:25-cv-126**
        **Judge John Preston Bailey**

HERITAGE THERMAL SERVICES, INC.;
HERITAGE TRANSPORT LLC; PRECESION
FINNING & BENDING, INC.; ILLINOIS TOOL
WORKS INC.; TRIVIUM PACKING USA INC.;
NEWCHEM, LLC; DELTECH RESIN LLC;
TITANIUM METALS CORPORATION;
ERGON-WEST VIRGINIA, INC.; BALL
CORPORATION; SONOCO PRODUCTS
COMPANY; ARDAGH METAL PACKAGING
USA CORP.; CHROME DEPOSIT CORP.;
WALLOVER OIL COMPANY INC.; MESSER LLC;
TRANSMOTAIGNE TERMINALING INC.; FX
MINERALS PROCESSING, INC.; MARATHON
PETROLEUM CORPORATION; KENTAK
PRODUCTS COMPANY; SEAFORTH MINERAL &
ORE COMPANY, INC.; DACAR INDUSTRIES, INC.;
PYRAMID OIL FIELD SERVICES LLC; and MATEC
INDUSTRIES, INC.

        *Defendants.*

**DEFENDANT MESSER LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Messer LLC ("Messer"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion for Judgment on the Pleadings. As demonstrated through the pleadings that are now closed [Doc. 1; Doc. 60], Plaintiffs Weirton Area Water Board (the "Water Board") and City of Weirton, West Virginia (the "City") (collectively "Plaintiffs") failed to allege, and thus cannot prove, a particular act or omission by Messer causing the release of synthetic per- and polyfluoroalkyl substances ("PFAS") into Plaintiffs' allegedly

1

contaminated water supply. Messer is therefore entitled to judgment on the pleadings as to Plaintiffs' claims for response costs and declaratory relief under the Comprehensive Environmental, Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(g), as well as its common law claims for nuisance, negligence, and trespass.

## I.      BACKGROUND

Messer is a gas provider that produces liquid nitrogen, argon, oxygen, and other gases at its facility in New Cumberland, West Virginia (the "Messer Facility"). [Doc. 1 at ¶¶ 125-26; Doc. 60 at ¶¶ 125-26]. This facility is located adjacent to the Ohio River [Doc. 60 at ¶ 129] and is alleged to be responsible for PFAS that have migrated into and exist in the City of Weirton's public waterworks system. [Doc. 1 at ¶¶ 127-129]. Beyond the physical location of this facility[1], however, the Complaint is devoid of specific factual allegations establishing a plausible migration pathway to Plaintiffs' drinking water. Plaintiffs cannot (and do not) support the alleged existence of any such pathway because the Complaint fails to allege with specificity a particular affirmative act or omission by Messer resulting in the release of PFAS directly into the Ohio River. Indeed, each and every one of Plaintiffs' claims against Messer are founded upon vague and conclusory allegations.

As set forth in the Complaint, Plaintiffs own and operate a public water utility system comprised of a water treatment plant that draws water from an intake and a water well located in and around the Ohio River (the "Water Sources"). [Doc. 1 at ¶¶ 1-2]. Plaintiffs allege in conclusory fashion that "Defendants' tortious actions, omissions, conduct in the use, release, storage, handling, and/or disposal of PFAS and PFAS containing materials at, near, or within the vicinity of the groundwater protection area" have caused PFAS "to migrate into and exist in Plaintiffs' Water Sources and property." [Doc. 1 at ¶¶ 199-201]; see [Doc. 60 at ¶¶ 199-201]. While Plaintiffs offer

---

[1] As alleged in the Complaint, the Messer Facility is located on Dry Run Road, New Cumberland West Virginia 26047 – approximately 15 miles north from the City of Weirton. See [Doc. 1 at ¶ 125].

a laundry list of migration pathways in support of this conclusion, to include wastewater discharge, solid waste, air emissions, and surface runoff, they notably fail to connect any given pathway to a particular Defendant. [Doc. 1 at ¶ 203]; see [Doc. 173 at 17-18]; [Doc. 174 at 8]; [Doc. 175 at 12-13].

Beyond those stated in the form of elements for the asserted causes of action, the Complaint's factual allegations with respect to Messer are limited and unavailing. See generally [Doc. 1 at ¶¶ 121-129]. Plaintiffs claim, "upon information and belief," that PFAS are utilized in the high-performance equipment and machinery relied upon by Messer, and that "PFAS were so utilized at the Messer Facility." [Doc. 1 at ¶ 127]. Plaintiffs further allege the Messer Facility is located within the floodplain of the Ohio River, upstream from the Water Sources, and conclude – in the same fashion as to other named defendants – "PFAS migrated into and exist in" the water system "as a direct and proximate result of Messer's tortious actions, conduct, and omissions in the operation of its facility." [Doc. 1 at ¶¶129]. Notably absent from the Complaint, however, are specific allegations showing an actual release of PFAS necessitating liability on the part of Messer. As such, Plaintiffs merely allege that Messer operated a facility adjacent to the Ohio River and imply that PFAS in the Water Sources is attributable, at least in part, to Messer's operations.

## II.    STANDARD OF REVIEW

"A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeks to dispose of a case on the basis of the underlying substantive merits of the parties' claims as they are revealed in the formal pleadings." Weber v. Wells Fargo Home Equity Asset-Backed Securities 2004-2, No. 3:20-cv-48, 2022 WL 740763, at *3 (N.D. W.Va. Feb. 18, 2022) (citations omitted). As provided by Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). However, because

Rule 12(h)(2) allows a defendant to raise the defense of failure to state a claim upon which relief can be granted after the pleadings have closed, a motion for judgment on the pleadings is reviewed using the same standard as that of a motion to dismiss brought pursuant to Rule 12(b)(6). Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The distinction between a Rule 12(c) motion and a Rule 12(b)(6) is "one without a difference." Id.; Weber, 2022 WL 740763, at *3; West Virginia Auto. and Truck Dealers Ass'n v. Ford Motor Co., No. 1:14-cv-32, 2014 WL 2440406, at *3 (N.D. W.Va. May 30, 2014) ("The only difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is timing.").

When considering a motion for judgment on the pleadings, the court must accept as true all factual allegations contained in the complaint. Burbach Broad. Co. of Del., 278 F.3d at 406; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Factual allegations that are simply "labels and conclusions, and a formulaic recitation of the elements of a cause of action," however, are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555. As such, a court need not accept as true a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2012) (citing Iqbal, 556 U.S. at 678)). A motion for judgment on the pleadings should therefore be granted when it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief even after accepting as true all well-pleaded allegations and drawing all reasonable factual inferences from those facts in the plaintiff's favor. Weber, 2022 WL 740763, at *3 (citing Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)).

4

III.   **ARGUMENT**

As revealed through the pleadings, the underlying substantive merits of Plaintiffs' claims against Messer are insufficient to award judgment in favor of Plaintiffs. Rather than identify with sufficiently meaningful detail Messer's alleged wrongful conduct, Plaintiffs merely insinuate Messer caused or contributed to the existence of PFAS in the Water Sources because of the location and operations of the Messer Facility. Indeed, this Court previously found that "plaintiffs' generalized approach to pleading cannot support a plausible claim for relief" and their claims with respect to Messer are no different. See [Doc. 174 at 8]; see also [Doc. 173 at 20]; [Doc. 175 at 18].

A. **Messer is Entitled to Judgment on the Pleadings as to Plaintiffs' CERCLA Claims under 42 U.S.C. §§ 9607 and 9613(g)(2).**

Plaintiffs make no effort to describe when or how PFAS migrated from the Messer Facility and fail to provide specific factual allegations linking Messer's conduct to the alleged injuries. It is well established that Plaintiffs must allege (1) the site in question is a "'facility' from which there was a 'release' or 'threatened release' of a hazardous substance, (2) that the defendant is a 'potentially responsible person,' and (3) that the plaintiff incurred necessary cleanup costs 'consistent with the national contingency plan'" in order to state a claim for cost recovery under CERCLA. Westfarm Assocs. Ltd. P'ship v. Wash. Suburban Sanitary Com'n, 66 F.3d 669, 677 (4th Cir. 1995) (citing 42 U.S.C. §§ 9601, *et seq.*); see also PCS Nitrogen Inc. v. Ashley II of Charleston LLC, 714 F.3d 161, 167-68 (4th Cir. 2013) (setting out the *prima facie* case). Even if Plaintiffs must allege and prove only "that contaminants which were once in the custody of the defendant could have travelled onto the plaintiff's land, and that subsequent contaminants caused the plaintiff to incur cleanup costs," it is certain from the Complaint that Plaintiffs cannot prove any set of facts in support of their illusory claims entitling them to relief. See Id.

5

At its core, the Complaint is comprised of a "formulaic recitation" of the CERCLA claim elements within the meaning of Twombly, rather than factual allegations. After referencing those parts that assign liability to owners and operators of facilities for response costs, Plaintiffs recite CERCLA's definition of a "release" as including the "spilling, leaking, … dumping, or disposing into the environment" of any hazardous substance. [Doc. 1 at ¶¶ 205-211]. Plaintiffs then allege in the following paragraphs that *each* Defendant is liable for the necessary response costs because there has been "a release, and/or continue to be release, and/or disposal of hazardous substances" from *each* of Defendants' facilities. [Doc. 1 at ¶¶ 212-215] (emphasis added). Such averments are the epitome of "legal conclusions masquerading as factual allegations." Cook v. Howard, 484 Fed. Appx. 805, 810 (4th Cir. Aug. 24, 2012) (quoting Twombly, 550 U.S. at 555). These allegations are "not entitled to the assumption of truth" and need not be considered in determining whether Plaintiffs have stated a claim against Messer. See Id.

Beyond those conclusory allegations, Plaintiffs do not come close to alleging a particular "release" from the Messer Facility nor do they allege sufficient facts that PFAS could have even migrated to the Water Sources. Plaintiffs do not allege Messer designed, developed, manufactured, marketed, or sold PFAS. They do not allege when or how PFAS were supposedly used at this facility. They do not allege how PFAS *could* have been released from this facility. And they do not allege which migration pathway those PFAS *could* have followed to the Water Sources. Plaintiffs simply speculate, "upon information and belief," that PFAS "were so utilized" in the equipment and machinery at the Messer Facility. However, even after accepting these factual allegations as true, Plaintiffs still cannot prove any set of facts entitling them to relief because they fail to allege a particular act or omission by Messer showing a "release" in the first place. See White v. Cnty. of Newberry, S.C., 985 F.2d 168, 174 (4th Cir. 1993) (noting plaintiff must at least "demonstrate that

the defendant has deposited hazardous waste); see also [Doc. 174 at 8-9] (distinguishing Plaintiffs' Complaint from the allegations at issue in Weirton Area Water Board v. 3M Co., 2020 WL 7479973, at *3 (N.D. W. Va. Dec. 18, 2020)).

Furthermore, while Plaintiffs assert the Messer Facility produces industrial gases, they do not sufficiently allege PFAS to be typically associated with those activities. Plaintiffs do not allege that PFAS have ever been identified as present at any other location like the Messer Facility nor do they allege that PFAS are a natural part of any substance normally generated in the course of industrial gas production. Plaintiffs merely aver the Messer Facility used PFAS because their "resistance to high temperatures and chemical reactions makes them ideal for chemical processing and manufacturing," [Doc. 1 at ¶¶ 127, 184]. But this is not enough. As this Court previously found with respect to Plaintiffs' claims against Co-Defendant Marathon Petroleum Company, "[s]imply operating an asphalt plant containing PFAS-laden products, even if it happens to be adjacent to plaintiffs' water supply, cannot, without more, give rise to a plausible claim for relief." [Doc. 174 at 6]. The same holds true here.

Equally unavailing is Plaintiffs' reference of a 2023 Clean Water Act settlement between Messer and the United States Environmental Protection Agency for unpermitted discharges from the Messer Facility. [Doc. 1 at ¶ 128]. Plaintiffs do not claim those discharges involved PFAS nor do they state that Messer has ever been cited, investigated, or issued a notice of violation for PFAS use, storage, or release from the Messer Facility. Indeed, those discharges were unrelated to PFAS [Doc. 60 at ¶ 128] and Plaintiffs fail to offer any allegations suggesting otherwise. See [Doc. 1 at ¶ 128]; see also [Doc. 174 at 9] (questioning the relevancy of a 2015 settlement between Marathon Petroleum Company and the EPA for Clean Air Act violations).

Plaintiffs' sheer *speculation* about the possibility that Messer may have caused PFAS to exist in the Water Sources does not reasonably permit the Court to infer that Messer is liable for Plaintiffs' response costs. Howard, 484 Fed. Appx. at 810 (noting the allegations must be sufficient to permit the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense) (citations omitted). Plaintiffs' vague and conclusory statements implying that Messer is responsible for unspecified conduct at its facility are simply insufficient. As such, the underlying substantive merits of Plaintiffs' claims warrant judgment in favor of Messer.

**B.  Messer is Entitled to Judgment on the Pleadings as to Plaintiffs' Common Law Claims**

The remote and unspecified relationship between Plaintiffs' alleged injuries and Messer's alleged conduct also forecloses Plaintiffs' common law claims for nuisance (public and private), negligence, and trespass. See [Doc. 1 at ¶¶ 227-270]. Each of these claims requires Plaintiffs to plead and prove a causal link between their purported injuries and Messer's alleged wrongful conduct. See Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 94 (4th Cir. 2011) (stating common law tort claims for negligence, nuisance, and trespass, among others, all require plaintiff to establish that defendant's conduct produced some injury to the plaintiff or to the plaintiff's property). However, for the same reasons discussed in detail above, there are no factual allegations in the Complaint of any specific acts or omission by Messer that caused or contributed to Plaintiffs' alleged injuries. See Haywood v. Caretta Minerals, LLC, No. 1:19-cv-00264, 2020 WL 1520245, at *3 (S.D. W. Va. Mar. 30, 2020) (dismissing strict liability, negligence, and nuisance claims for failure to plead causation).

Similar to its CERCLA claims, the Complaint offers illusory statements masquerading as factual allegations. However, without any predicate factual allegations demonstrating the release

and/or discharge of PFAS from the Messer Facility, the allegations that Messer created or contributed to the purported nuisance, breached its purported duty of care, or otherwise interfered with Plaintiffs' property rights mean nothing. Accordingly, because Plaintiffs' claims against Messer are based on conclusory allegations without factual support, this Court should award judgment in favor of Messer and dismiss Plaintiffs' common law claims against it with prejudice.

## IV.    CONCLUSION

Based upon the foregoing, Messer respectfully requests that this Honorable Court enter judgment on the pleadings in Messer's favor and dismiss with prejudice Plaintiffs' claims against it for response costs and declaratory relief under the Comprehensive Environmental, Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607(a), 9613(g), as well as its common law claims for nuisance, negligence, and trespass.

**MESSER LLC**

**By Spilman Thomas & Battle, PLLC**

*/s/Niall A. Paul*

Niall A. Paul (WV State Bar No. 5622)
Clifford F. Kinney, Jr. (WV State Bar No. 6220)
300 Kanawha Boulevard, East (ZIP 25301)
P.O. Box 273, Charleston WV 25321-0273
(304) 340-3800 / (304) 340-3801 (fax)
npaul@spilmanlaw.com
ckinney@spilmanlaw.com

Jonathan A. Deasy (WV State Bar No. 13802)
One Oxford Center, Suite 3440
301 Grant Street
Pittsburgh, PA  15219
(412) 325-3301 / (412) 325-3324 (fax)
jdeasy@spilmanlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WEIRTON AREA WATER BOARD, and**
**CITY OF WEIRTON, WEST VIRGINIA,**

     *Plaintiffs,*

**v.**

**HERITAGE THERMAL SERVICES, INC.;**
**HERITAGE TRANSPORT LLC; PRECESION**
**FINNING & BENDING, INC.; ILLINOIS TOOL**
**WORKS INC.; TRIVIUM PACKING USA INC.;**
**NEWCHEM, LLC; DELTECH RESIN LLC;**
**TITANIUM METALS CORPORATION;**
**ERGON-WEST VIRGINIA, INC.; BALL**
**CORPORATION; SONOCO PRODUCTS**
**COMPANY; ARDAGH METAL PACKAGING**
**USA CORP.; CHROME DEPOSIT CORP.;**
**WALLOVER OIL COMPANY INC.; MESSER LLC;**
**TRANSMOTAIGNE TERMINALING INC.; FX**
**MINERALS PROCESSING, INC.; MARATHON**
**PETROLEUM CORPORATION; KENTAK**
**PRODUCTS COMPANY; SEAFORTH MINERAL &**
**ORE COMPANY, INC.; DACAR INDUSTRIES, INC.;**
**PYRAMID OIL FIELD SERVICES LLC; and MATEC**
**INDUSTRIES, INC.**

     *Defendants.*

**Civil Action No. 5:25-cv-126**
**Judge John Preston Bailey**

## CERTIFICATE OF SERVICE

I, Niall A. Paul, hereby certify that the foregoing "**Defendant Messer LLC's Memorandum of Law in Support of its Motion for Judgment on the Pleadings**" has been served on all counsel of record by filing said document with the Clerk of Court using the West Virginia E-Filing system on this 8th day of January, 2026.

                       */s/ Niall A. Paul*
                       Niall A. Paul (WV State Bar No. 5622)

10